NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANTA B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil Action No. 23-4232 (RK) <br><br> **OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon the Commissioner of Social Security's ("Commissioner") Motion to Remand, ("Mot.," ECF No. 13), Plaintiff Shanta B.'s ("Plaintiff")[1] appeal from the Commissioner's final decision, which denied Plaintiff's request for disability and supplemental Social Security benefits, (ECF No. 1). Plaintiff also filed what is entitled a "Cross Motion for Reversal on Summary Judgment" which opposes the Commissioner's motion for remand and renews Plaintiff's request for a reversal of the ALJ's decision and award of benefits ("Opp.," ECF No. 14.) The Court has jurisdiction to review this appeal under 42 U.S.C. § 405(g) and reaches its decision without oral argument pursuant to Local Civil Rule 78.1. For the reasons below, the Court **VACATES** the Commissioner's decision and **REMANDS** this matter for further proceedings to the original Administrative Law Judge ("ALJ"). The Court **DENIES** Plaintiff's cross-motion for Summary Judgment.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

I.  **BACKGROUND**

   A.  PROCEDURAL POSTURE

Plaintiff filed an application for a period of disability and disability insurance benefits on June 18, 2019, alleging an onset date of April 19, 2019. (Administrative Record ("AR") at 25.)[2] Plaintiff also filed an application for supplemental Social Security income benefits on June 24, 2019, alleging the same disability onset date. (*Id.*) The Social Security Administration (the "Administration") denied the request both initially and on reconsideration. (*Id.*) Plaintiff requested a hearing before an ALJ. (*Id.*) At a telephonic hearing on July 13, 2022, the ALJ heard testimony from Plaintiff, who was represented by counsel, and an independent vocational expert. (*Id.*) On August 16, 2022, the ALJ issued a written decision finding Plaintiff was not disabled. (*Id.* at 19–30.) The Administration's Appeals Council denied Plaintiff's request to review the ALJ's decision. (*Id.* at 6–9.) This appeal followed. (ECF No. 1.)

The Administrative Record was filed on October 10, 2023, (ECF No. 3), and Plaintiff filed her opening brief on March 28, 2024, ("Pl. Br.," ECF No. 9). In lieu of an opposition brief, the Commissioner filed a Motion to Remand the decision to the ALJ on May 29, 2024, (Mot.), accompanied by a moving brief ("Def. Br.," ECF No. 13-1). Plaintiff opposed and filed a cross-motion for reversal of the ALJ's decision on summary judgment. (Opp.)[3] The Commissioner replied and opposed Plaintiff's cross-motion, ("Reply," ECF No. 15).

---

[2] The Administrative Record ("AR") is available at ECF No. 3-1 through 3-8. This Opinion will reference only page numbers and exhibit numbers in the Administrative Record without the corresponding ECF numbers.

[3] The Court construes Plaintiff's styled "summary judgment" motion as a request for relief on the merits of her appeal, noting that appeals seeking review of ALJ decisions brought before December 2022 often characterized requests of the court as motions for summary judgment. *See, e.g., Matthews v. Apfel*, 239 F.3d 589 (3d Cir. 2001); *Sanfilippo v. Barnhart*, 57 F. App'x 526 (3d Cir. 2003).

### B.  THE ALJ'S DECISION

In his August 16, 2022 opinion, the ALJ found that Plaintiff was not disabled under the prevailing Administration regulations. (*See generally* AR at 19–30.) The ALJ applied the five-step process for determining whether an individual is disabled as set forth in 20 C.F.R. § 404.1520(a). (*Id.* at 21–29.) At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, April 19, 2019. (*Id.* at 21 (citing 20 C.F.R. §§ 404.1571 *et seq* and 416.971 *et seq.*).) At Step Two, the ALJ found that Plaintiff suffered from the following severe impairments: right knee osteoarthritis, congestive heart failure, ulcerative colitis, and obesity. (*Id.* (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)).) The ALJ found that Plaintiff's medically determinable impairments "significantly limit the ability to perform basic work activities as required by [Social Security Ruling, 'SSR'] 85-28" (*Id.*) The ALJ also noted that Plaintiff was diagnosed with carpal tunnel syndrome, lumbar radiculopathy, diabetes, hypertension, hypothyroidism, and sleep apnea. (*Id.*) The ALJ found "these impairments do not cause significant limitations on the claimant's ability to perform work-related activities and are therefore, non-severe." (*Id.* at 21–22.)

At Step Two, the ALJ also found that Plaintiff's "medically determinable mental impairment of depressive disorder does not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and is therefore nonsevere." (*Id.* at 22.) In making his determination, the ALJ stated that he "considered the broad functional areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments." (*Id.*) The ALJ found Plaintiff had a mild limitation in the first functional area of understanding, remembering, or applying information. (*Id.*) The ALJ found Plaintiff was able to perform "all activities of daily living" including being able to do "simple maintenance, prepare

3

meals, take medications, drive, shop and watch television" and "comply with conservative treatment" outside of a doctor's office or hospital. (*Id.* (citing Exs. 5E and 19F).) Second, in the functional area of "interacting with others," Plaintiff alleged she had "difficulty engaging in social activities." (*Id.*) However, the ALJ found Plaintiff had a mild limitation as she was "able to drive, care for her children, and shop in stores" and that medical evidence described Plaintiff as "pleasant and cooperative." (*Id.* (citing Exs. 5E and 19F).)

Third, in the functional area of concentrating, persisting, or maintaining pace, the ALJ found Plaintiff had a mild limitation, although Plaintiff claimed she had limited concentration. (*Id.*) The ALJ found that Plaintiff was able to "prepare meals, watch television, read, take care of her children, clean, and handle her own medical care" and noted that Plaintiff's mental status examinations did not mention difficulties in concentration. (*Id.* (citing Exs. 5E and 19F).) Fourth, the ALJ found that Plaintiff had a mild limitation in the fourth functional area in "adapting or managing oneself." (*Id.*) Although Plaintiff asserted she had "difficulties managing her mood," the ALJ found that Plaintiff cared for her children and that the objective evidence in the record found Plaintiff had "appropriate grooming and hygiene." (*Id.* (citing Exs. 5E and 19F).) The ALJ then found that because Plaintiff's medically determinable impairment of depression "causes no more than 'mild' limitation in any of the functional areas and the evidence does not otherwise indicate there is more than a minimal limitation in the claimant's ability to do basic work activities," Plaintiff's depression "is nonsevere." (*Id.* (citing 20 CFR §§ 404.1520a(d)(1) and 416.920a(d)(1)) (emphasis in original).)

At Step Three, the ALJ determined that Plaintiff did not have "an impairment or combination of impairments that meets or medically equals the severity" of one of the Administration's listed impairments. (*Id.* at 23 (citing 20 C.F.R. §§ 404.1520(d), 404.1525,

4

404.1526, 416.920(d), 416.925, and 416.926).) The ALJ specifically analyzed the applicability of: Listing 1.18, "Abnormality of a major joint(s) in any extremity"; Listing 4.02, "Chronic heart failure while on a regimen of prescribed treatment"; Listing 5.06, "Inflammatory bowel disease (IBD)"; and the impact of Plaintiff's obesity under SSR 19-2p on the severity and limitations of her other ailments. (*Id.*)

At Step Four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, except she can never climb ropes, ladders, or scaffolds; never be exposed to unprotected heights or hazardous machinery; occasionally climb stairs and ramps; never crawl; occasionally kneel; occasionally stoop and crouch; can frequently perform fingering and handling; occasionally balance; and must have proximate access to restroom facilities. (*Id.* (citing 20 C.F.R. §§ 404.1567(a) and 416.967(a).) The ALJ made this determination "after careful consideration of the entire record." (*Id.* at 23–24.)

The ALJ noted in his Step Four analysis that he followed a two-step process in consideration of Plaintiff's symptoms: (1) first determining whether there is an underlying medically determinable physical or mental impairment that could be reasonably expected to produce Plaintiff's symptoms, including pain, and (2) then evaluating the "intensity, persistence, and limiting effects of [Plaintiff's] symptoms to determine the extent to which they limit [Plaintiff's] work-related activities. (*Id.* at 24.) The ALJ stated that Plaintiff had alleged disability on the basis of: chronic ulcerative colitis; high blood pressure; congestive heart failure; carpal tunnel right hand; arthritis right knee; and tendonitis right foot, and described Plaintiff's recitation of symptoms. (*Id.* (citing Ex. 2E).) The ALJ found that the medically determinable impairments could be expected to cause the alleged symptoms, but that Plaintiff's statements regarding their

intensity, persistence, and limiting effects were not consistent with the medical record and other record evidence. (*Id.*)

In rendering his conclusion, the ALJ relied on treatment records of Plaintiff's heart failure from the Robert Wood Johnson ("RWJ") Cardiology clinic and emergency department, including records from Plaintiff's pacemaker implantation and placement on the heart failure transplant list; knee pain records from treatment by sports medicine doctor Dr. Kinshasa Morton; and treatment records from the RWJ gastroenterology clinic and emergency department for Plaintiff's ulcerative colitis. (*Id.* at 24–26 (citing Exs. 1F, 6F, 13F, 14F, and 17F).) The ALJ also considered the medical opinions of: Dr. Isao Iwata from the RWJ-General Internal Medicine department discussing Plaintiff's wrist pain; Dr. Morton, the sports medicine doctor treating Plaintiff's knee pain; Dr. Darren Seril from the RWJ-Gastroenterology department discussing the impacts of ulcerative colitis on Plaintiff; Dr. Nilly Brodt also from RJW-Gastroenterology; and Dr. Kim.[4] (*Id.* at 26–28 (citing Exs. 3F, 7F, 9F, and 16F).) The ALJ found all of the medical opinions unpersuasive, except for Dr. Morton's, whom the ALJ found partially persuasive on the basis that she only treated Plaintiff for orthopedic conditions and did not consider Patient's ulcerative colitis or cardiac impairment in her assessment. (*Id.* at 26–27.) The ALJ also reviewed the opinions of the Disability Determination Services medical consultants and psychological consultants. (*Id.* at 27–28 (citing Exs. 1A and 5A).)

Based on testimony from the impartial vocational expert present at the hearing who considered a hypothetical worker with Plaintiff's RFC, at the final part of Step Four, the ALJ found that Plaintiff "is capable of performing past relevant work as a customer service representative."

---

[4] Dr. Kim's full name was illegible and his affiliation was not set forth in the Residual Functional Capacity Questionnaire or in the ALJ's decision. (Ex. 16F.)

(*Id.* at 28 (citing 20 C.F.R. §§ 404.1565 and 416.965).) In the alternative, the ALJ relied on testimony from the vocational expert to find that Plaintiff could perform the requirements of tube operator, table worker, or callout operator. (*Id.*) The ALJ concluded that Plaintiff was not disabled under the Social Security Act from April 19, 2019. (*Id.* (citing 20 C.F.R. § 404.1520(f) and 416.920(f)).)

Plaintiff's appeal concerned the specificity of the ALJ's evidentiary rationale at Steps Two and Three and the ALJ's decisional RFC at Step Four. Plaintiff seeks reversal of the ALJ's decision and an award of Plaintiff's benefits from this Court. (Pl. Br. at 50.)

In response to Plaintiff's moving brief, the Commissioner determined that "additional evaluation of Plaintiff's claim is warranted" and moved to remand the case. (Mot. ¶ 2.) The Commissioner has agreed on remand that the Appeals Council "will instruct the [ALJ] to further evaluate [Plaintiff's] mental impairments and limitations, give further consideration to the opinion evidence; offer the claimant the opportunity for a hearing; take any further action needed to complete the administrative record; and issue a new decision." (*Id.* ¶ 3.) Plaintiff did not consent to remand and opposed the Commissioner's motion on the basis this Court should directly award benefits to Plaintiff or, in the alternative, remand this case to a different ALJ. (*See generally* Opp.)

## II.   LEGAL STANDARD

### A.   STANDARD OF REVIEW

The Court reviews the "final decision of the Commissioner of Social Security" to determine whether the Commissioner's findings are "supported by substantial evidence." 42 U.S.C. § 405(g). In the event that the Appeals Council denies a claimant's request for review, "the ALJ's decision is the Commissioner's final decision." *Matthews v. Apfel,* 239 F.3d 589, 592 (3d Cir. 2001) (citation omitted). Substantial evidence is "more than a mere scintilla but may be somewhat less

7

than a preponderance of the evidence." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)). Put differently, "[i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel,* 225 F.3d 310, 316 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)). This evidentiary threshold "is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

The scope of the Court's review of the ALJ's decision is "quite limited." *Id.* On review the Court may not "re-weigh the evidence or impose [its] own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently." *Fargnoli v. Massanari,* 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

**B.  ESTABLISHING ELIGIBILITY FOR DISABILITY INSURANCE BENEFITS**

A claimant may establish disability under the Social Security Act by proving they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ applies a well-established "five-step sequential evaluation process," which requires considering whether the claimant:

> (1) is engaged in substantial gainful activity; (2) suffers from an impairment or combination of impairments that is "severe"; (3) suffers from an impairment or combination of impairments that meets or equals a listed impairment; (4) is able to perform his or her past relevant work; and (5) is able to perform work existing in significant numbers in the national economy."

*McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citing 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f)). The claimant bears the burden at the first four steps, at which point the burden shifts to the Commissioner at Step Five. *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019).

### III.   DISCUSSION

The Commissioner has conceded that this case warrants further review and moved to remand the case back to the ALJ. (Mot. ¶ 2.) It has agreed that upon such remand, the Appeals Council "will instruct the [ALJ] to further evaluate [Plaintiff's] mental impairments and limitations, give further consideration to the opinion evidence; offer the claimant the opportunity for a hearing; take any further action needed to complete the administrative record; and issue a new decision." (*Id.* ¶ 3; *see also* Def. Br. at 1.)

However, the parties dispute (1) whether this Court should grant Plaintiff's request for a full reversal with an award of benefits, as opposed to a remand, and (2) if this Court does remand this case, whether it should remand to the original ALJ. The Court's analysis follows.

#### A.   AWARD OF BENEFITS

Plaintiff contends that the Commissioner is requesting a "do-over" from this Court in order to avoid having to defend the ALJ's decision. (Opp. at 4.) Accordingly, Plaintiff argues on three interrelated bases that this Court should not grant the Commissioner's Motion to Remand and instead should grant Plaintiff summary judgment and reverse the ALJ's decision and directly award benefits. (*Id.* at 1–7.) First, Plaintiff contends that she is presumptively disabled under the mental listings due to her depression, and that the decisional RFC was the product of "the obviously indefensible . . . findings" at Step Two that (1) lumbar radiculopathy (2) carpal tunnel syndrome (3) diabetes (4) hypertension (5) obstructive sleep apnea (6) major depressive disorder

9

and (7) hypothyroidism *"individually and when considered in combination do not meet the de minimus* standard of 'causing more than a minimal effect' on [P]laintiff's ability to perform any basic work related function." (*Id.* at 1 (emphasis in original).) Second, Plaintiff argues that the ALJ erred in the Step Three medical equivalence finding, particularly in applying the Commissioner's obesity ruling and in the protocol used to establish whether Plaintiff qualified under the severe mental impairment listing. (*Id.* at 2–3.) Third, Plaintiff argues the ALJ erred in finding that Plaintiff's congestive heart failure did not meet the standard for presumptively disabled when combined with her obesity, hypertension, or any of the other medically determinable impairments. (*Id.* at 3.)

The Commissioner argues that an award of benefits is not appropriate in this case and that the record does not compel a finding of disability. (Reply at 1.) The Commissioner's position is that in contrast to remand, "[r]eversal of an administrative decision is the proper remedy only in 'rare circumstances'" not found here. (*Id.* at 2 (citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).) Further, "a [disability] case should be reversed for benefits only when the record has been fully developed and adequately establishes a claimant's entitlement to benefits." (*Id.* (citing *Podedworny v. Harris*, 745 F.2d 210, 221–22 (3d Cir. 1984)).)

The Court agrees that the record merits further development in this case and the circumstances warrant remand rather than a reversal and an award of benefits. Plaintiff has presented compelling arguments that the Court and the Commissioner agree require that the ALJ's prior decision be vacated. (*See generally* Pl. Br; *see also* Opp.) However, Plaintiff has not established that the record in this case is sufficiently developed for the Court to award benefits at this stage. "[W]here an ALJ does not address all of the evidence of record, the appropriate action is to remand for further proceedings, as a District Court has no fact-finding role in reviewing social

security disability cases." *Martin B. v. Comm'r of Soc. Sec.*, No. 22-3912, 2024 WL 749085, at *7 (D.N.J. Feb. 23, 2024) (quoting *Rangel v. Colvin*, No. 15-5826, 2016 WL 4267949, at *3 (D.N.J. Aug. 12, 2016)); *see also Zied v. Astrue*, 347 F. App'x 862, 865 (3d Cir. 2009) (finding remand was appropriate where the ALJ did not consider all of the evidence pertaining to a plaintiff's mental health).

The Court's role is limited to review of the Commissioner's decisions—it cannot act as the finder of fact. *See Grant v. Shalala*, 989 F.2d 1332, 1346 (3d Cir. 1993) (holding the district court has no fact-finding role and instead must remand to agency for further proceedings and then, if necessary, review the Commissioner's findings); *see also Martin B.*, 2024 WL 749085, at *7 (finding the court could not say "that the administrative record of the case has been fully developed and that substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits" as there were conflicting opinions in the record as to the extent of plaintiff's limitations); *Allen v. Bowen*, 881 F.2d 37, 44 (3d Cir. 1989) (awarding benefits where "the claimant established a prima facia case of entitlement, the record was fully developed, and there is no good cause for the [defendant's] failure to adduce all the relevant evidence in the prior proceeding"). Here, there is conflicting medical evidence on the record as to Plaintiff's limitations and insufficient factual development regarding the impact of Plaintiff's medically determinable impairments—including her depression—on her ability to work. (*See generally* AR at 26–28 (citing 3F, 7F, 8F, 9F, 16F, 19F, 1A, 5A).) This type of fact-finding is the purview of administrative proceedings rather than the limited jurisdiction of this Court, and per the Commissioner's briefing, the Appeals Council will instruct the ALJ on remand to further develop the record as warranted. (Def. Br. at 1.)

This Court **GRANTS** the Commissioner's Motion for Remand, and **DENIES** Plaintiff's cross-motion for summary judgment in the form of an award of benefits.

### B. REMAND TO THE ORIGINAL ALJ

Plaintiff argues that if this Court chooses to remand Plaintiff's case, it should remand to a new ALJ on the basis that the original ALJ is biased and likely to ignore the Appeals Council's instructions on remand. (Opp. at 7–14.) The Commissioner argues that Plaintiff forfeited her right to argue disqualification of the ALJ, and that even if not, Plaintiff has not rebutted the presumption that the ALJ was unbiased. (Def. Br. at 1–2.)

Social Security regulations provide that "[a]n administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision." *Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995) (quoting 20 C.F.R. § 404.940 (1994)). Social security claimants are entitled to due process, and a biased ALJ can violate a social security claimant's due process rights. *See Richardson v. Perales*, 402 U.S. 389, 401–02 (1971); *see also James R. v. Kijakazi*, No. 22-5030, 2023 WL 6389097, at *5 (D.N.J. Sept. 30, 2023) ("An ALJ's bias can amount to a violation of Plaintiff's due process rights in certain circumstances." (citing *Valenti v. Com'r of Soc. Sec.*, 373 F. App'x 255, 258 (3d Cir. 2010))). The Third Circuit has found that "[t]he right to an unbiased ALJ is particularly important because of the active role played by ALJs in social security cases" and that ALJs "have a duty to develop a full and fair record in social security cases." *Ventura*, 55 F.3d at 902.

However, the threshold required for finding an ALJ is biased is very high. *See, e.g., Ball v. Comm'r of Soc. Sec.*, No. 18-159, 2019 WL 4722492, at *1 n.1 (W.D. Pa. Sept. 26, 2019) ("In order to show bias, [p]laintiff has to show that the ALJ's behavior was 'so extreme as to display clear inability to render a fair judgment.'" (quoting *Liteky v. United States*, 510 U.S. 540, 551

(1994))); *Vail v. Colvin*, No. 13-966, 2014 WL 2615708, at *7–8 (D.N.J. June 12, 2014) (remanding a case to the same ALJ, even where plaintiff alleged the ALJ "made comments about the motives of poor claimants," because "the ALJ did not show bias against a specific party or demonstrate any interest in the outcome of the case"); *Grant v. Comm'r, Soc. Sec. Admin.*, 111 F. Supp. 2d 556, 570 (M.D. Pa. 2000) (finding plaintiffs' rights to "full and fair hearings with respect to applications for Social Security benefits were violated" when plaintiff class presented evidence of the ALJ's bias in the form of transcripts, deposition testimony from the ALJ's co-workers, and special hearings which revealed the ALJ frequently insulted Social Security benefit claimants and referred to them as "no-goodniks"). Unlike in those cases, here Plaintiff's only assertions of bias against the ALJ stem from his unfavorable decision which Plaintiff challenges on appeal and his overall approval statistics, rather than any specific instances of biased conduct or language against Plaintiff or Plaintiff's counsel. (*See generally* Opp.)

As addressed in the Commissioner's briefing, the Honorable Georgette Castner, U.S.D.J. recently addressed a similar argument from Plaintiff's counsel regarding another decision from this same ALJ in *James R. v. Kijakazi*. 2023 WL 6389097, at *5. Judge Castner found that the plaintiff there did not show "that the ALJ deprived him of a full and fair hearing" and cited "no evidence in the Record indicating that the ALJ was biased against him." *Id.* The court found it was not sufficient for Plaintiff to "rel[y] on the ALJ's apparently high general rate of denying social security benefits and the allegation that other judges in the District have criticized the ALJ." *Id.* Similarly, this Court finds that "poor statistics in other cases are not sufficient for the Court to find bias." *Id.* (internal citations omitted); *see also Kirlew v. Atty Gen. of U.S.*, 267 F. App'x 125, 128 (3d Cir. 2008) ("[W]e cannot base a finding of bias merely on repeated adverse rulings."); *Johnson v. Comm'r of Soc. Sec.*, Civ. No. 08-4901, 2009 WL 4666933, at *4 (D.N.J. Dec. 3, 2009), *aff'd*,

398 F. App'x 727 (3d Cir. 2010) ("[A]n ALJ's impartiality should not be judged by result or reputation or by statistics of how that judge has previously ruled.").) Plaintiff has not alleged specific facts in this case that support a finding of bias from the ALJ. Accordingly, this Court **GRANTS** the Commissioner's motion to remand to the original ALJ.[5]

---

[5] Because this Court found Plaintiff did not sufficiently allege that the ALJ here was biased, it did not reach the question of whether Plaintiff forfeited such an argument by failing to raise it at an earlier stage of the proceedings.

## CONCLUSION

Having reviewed the record as a whole, the Court **VACATES** the Commissioner's decision and **REMANDS** this matter to the original ALJ for further consideration consistent with this opinion. The Court **DENIES** Plaintiff's cross-motion for summary judgment. The Court will issue an order consistent with this Opinion.

                                                                                                                         _____  
                                                                                **ROBERT KIRSCH**  
                                                                                **UNITED STATES DISTRICT JUDGE**

Dated: July 25, 2024